Santos L. REYES, Plaintiff–Appellant,

v.

J.S. WOODFORD,* Warden, Respondent–Appellee.

No. 00–57130.
D.C. No. CV–00–00608–VAP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2002.

Submission Withdrawn April 2, 2002.

Resubmitted April 17, 2003.

Decided Dec. 29, 2003.

* J.S. Woodford is substituted for A. Calderon, her predecessor as Warden of San Quentin State Prison. *See* Fed. R.App. P. 43(c)(2).

---

Gretchen Fusilier, Esq., Carlsbad, CA, for Petitioner–Appellant.

David Delgado–Rucci, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before PREGERSON, FISHER and TALLMAN, Circuit Judges.

PREGERSON, Circuit Judge, dissenting.

## MEMORANDUM **

California state prisoner Santos L. Reyes ("Reyes") appeals the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition challenging his sentence under California's "three strikes" law[1] for perjury on a Department of Motor Vehicles driver's license application. Reyes had filled out a license application and attempted to take the written portion of the exam under the name of his cousin Miguel Soto. At trial, Reyes testified that he tried to take the exam for Soto because Soto was illiterate and had failed to pass. Because the perjury conviction was Reyes's third strike, he was sentenced to

26 years to life. Reyes is married and has two children who were one and three years old at the time of sentencing.

Reyes contends that his 26 years to life sentence is grossly disproportionate in violation of the Eighth Amendment. This argument is foreclosed by *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1172–75, 155 L.Ed.2d 144 (2003) (holding that a California state court's affirmance of two consecutive 25 years to life sentences for petty theft was not contrary to or an unreasonable application of federal law), and *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 1185–90, 155 L.Ed.2d 108 (2003) (holding that 25 years to life sentence under the California "three strikes" law did not violate the Eighth Amendment's prohibition on cruel and unusual punishment). The district court therefore properly denied Reyes's petition.

AFFIRMED.

PREGERSON, Circuit Judge.

Reyes, born in Mexico, has such limited proficiency in English that he required bilingual counsel in the state trial court proceedings. Upon his arrest, Reyes cooperated with the arresting officer and voluntarily admitted that he had tried to take the driver's license test for Soto, who knew how to drive but did not know how to read.

When Reyes pled not guilty and went to trial, he apparently believed that he would not be found guilty of perjury because, when he tried to take the driver's license test for his cousin and when he spoke with the arresting officer, he did not under-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Reyes qualified for three strikes enhancement because of two prior convictions, one as a juvenile in 1981 for burglary, and one in 1987 for robbery.

stand what "perjury" meant. At the trial, Reyes' counsel called as a witness a certified Spanish language court interpreter who testified that the translated Spanish version of the driver's license application that Reyes signed as "Miguel Soto" did not state anywhere the Spanish equivalent of "I have read and understood the above."

The prosecutor offered Reyes a deal of four years imprisonment in exchange for a guilty plea to the perjury charge, and the trial court indicated that, even if he went to trial and was convicted, it would consider striking one of Reyes' prior strikes and sentence him to only eight years imprisonment.[1] Apparently believing that, if he were convicted, his likely sentence would be either four or eight years imprisonment—not 26 years to life—Reyes maintained his not-guilty plea and opted for a jury trial.

The jury convicted Reyes of perjury and found his prior strikes to be true. The trial court refused to strike Reyes' 1981 prior and sentenced him to 26 years to life—not 4 years, not 8 years—severely punishing him for exercising his constitutional right to a jury trial. Because I believe that punishing a person for exercising his or her constitutional rights clearly violates due process, I dissent.

---

1. At a pretrial hearing on Reyes' motion for appointment of new counsel (which was denied), the trial court stated,

    Your attorney filed a motion to have the Court consider striking one of the priors, specifically, the 1981 burglary. I don't normally commit or make a decision until after someone has been convicted. I think it is premature to do that. However, in your case, I looked at your attorney's papers, I looked at the district attorney's papers, and I indicated to your attorney that should you be convicted of the perjury charge and the priors were found true that I would certainly consider striking the older prior, the '81 prior, for some legal reasons because of the age of the prior and other factors that your attorney and the district attorney have disclosed to me.

    If I did that, that would be after you are convicted or after you plead guilty. The Court could put you then in prison for eight years. The only commitment I made is that I would certainly consider the low term doubled, which would be four [years].